# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JAVIER VALLE HERNANDEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No.  1:23-cv-00835-SKO <br><br> **ORDER DENYING PETITION FOR APPROVAL OF MINORS' COMPROMISE WITHOUT PREJUDICE** <br><br> (Doc. 21) |

Presently before the Court is Plaintiffs' unopposed motion for approval of a settlement involving minors, E.S.V.A. and E.P.V.A. (or "Minor Plaintiffs"). (Doc. 21). After reviewing the petition, the Court finds the petition fails to make a sufficient showing of the fairness and reasonableness of the proposed settlement. The Court also finds that the motion does not sufficiently justify the costs sought from the Minor Plaintiffs. Therefore, the motion will be denied.

The Court will consider a renewed motion that makes a sufficient showing of fairness and reasonableness, and that addresses the deficiency with respect to the attorney's fees sought.

## I.   BACKGROUND

Plaintiff, Jose Javier Valle Hernandez, as Guardian *ad litem* for Minor Plaintiffs, (*see* Doc. 25), instituted this action to recover damages for personal injuries and damages they sustained in a motor vehicle collision occurring on March 3, 2021, in Visalia, California. Plaintiffs contend Defendant's employee Derek Chase Clower—a postal worker operating a United States Postal Service vehicle—struck a vehicle driven by Plaintiff Valle Hernandez, also occupied by his children, Minor Plaintiffs.

The California Highway Patrol investigation of the accident determined Defendant's

1

employee made an "unsafe U-turn" causing Petitioner's vehicle to collide with the passenger side of Defendant's vehicle. (Doc. 23-3). Defendants disputed liability and causation. (Doc. 23-1 at 2).

Plaintiff and Petitioner Valle Hernandez reportedly suffered an abrasion to his left arm and a contusion to his right lower extremity, and was treated at the emergency department of Kaweah Delta Medical Center on the day of the incident. (Doc. 23-1 at 6). He was instructed to follow up with his primary care physician. (*Id.*). In the immediate months following the car collision, Petitioner underwent physical therapy, chiropractic care, and psychotherapy. (*Id.*). Petitioner attended ten sessions of physical therapy from March 11, 2021, to October 4, 2021, and also attended twelve sessions of chiropractic treatment from May 26, 2021, through September 7, 2021. (*Id.*). Petitioner attended six sessions of psychotherapy treatment from March 19, 2021, to December 30, 2021. (*Id.*).

Petitioner also obtained MRIs of his left shoulder and lumbar spine. (*Id.*). On November 15, 2021, Petitioner received bilateral lumbar medial branch block injections at L3-L4 and L4-L5. (*Id.*). On October 27, 2022, Petitioner received bilateral medial branch block injections at L4-L5 and L5-S1. (*Id.*). Petitioner was last treated on February 13, 2023 for injuries sustained in this collision.

Plaintiff E.P.V.A. was a passenger in Petitioner's vehicle at the time of the incident. (*Id.* at 7). She was also evaluated at the emergency department of Kaweah Delta Medical Center on the day of the incident. (*Id.*). During the examination, she reported complaints of pain in their mid-sternal chest and epigastric area. (*Id.*). Chadi I. Kahwaji, M.D. discharged E.P.V.A. with instructions to follow up as scheduled for further evaluation and treatment. (*Id.*). In the immediate months following the car collision, E.P.V.A. underwent chiropractic care and psychotherapy. (*Id.*). E.P.V.A. attended thirteen sessions of chiropractic treatment from March 29, 2021, to September 7, 2021. (*Id.*). E.P.V.A. attended eight sessions of psychotherapy treatment from March 17, 2021, to December 30, 2021. (*Id.*). E.P.V.A. also obtained MRIs of her cervical spine, thoracic spine, and lumbar spine. (*Id.*). E.P.V.A. last visited a medical provider for injuries related to the subject collision on January 11, 2023. As of February 12, 2025, E.P.V.A. had recovered

entirely from her injuries. (*Id.*).

Plaintiff E.S.V.A. was also a passenger in Petitioner's vehicle at the time of the incident. (*Id.*). She was also evaluated at the emergency department of Kaweah Delta Medical Center on the day of the incident. (*Id.*). During that examination, she reported pain in her right index finger and demonstrated an abrasion on her lateral left arm. (*Id.* at 8). The X-rays of her left elbow revealed elevation of the anterior as well as the posterior olecranon fat pad suggesting joint effusion. (*Id.*). The X-rays of the right hand revealed scattered nonspecific soft tissue thickening. (*Id.*). Chadi I. Kahwaji, M.D. discharged her with instructions to follow up as scheduled for further evaluation and treatment. (*Id.*). In the immediate months following the car collision, E.S.V.A. underwent psychotherapy. (*Id.*). E.S.V.A. attended ten sessions of psychotherapy treatment from March 17, 2021, to February 2, 2022. (*Id.*). E.S.V.A. also obtained x-rays of her bilateral hands and left elbow. (*Id.*). E.S.V.A. last visited a medical provider for injuries related to the subject collision on January 13, 2023. (*Id.*). As of February 12, 2025, E.S.V.A. had recovered entirely from her injuries. (*Id.*).

On May 31, 2023, Petitioner and Plaintiff filed a complaint seeking personal injury and damages on behalf of himself and his minor children, the Minor Plaintiffs. (Doc. 1). Plaintiffs' complaint was brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. sections 1346(b), 2671 et seq. against the United States of America. (*See id.*).

Plaintiffs have now reached an agreement to settle with Defendant and seek this Court's approval of the proposed settlement of the minors' claims.

## II.   APPLICABLE LAW & SETTLEMENT APPROVAL STANDARDS

**a.   Settlement Approval Standards**

The Local Rules for this district provide that "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." L.R. 202(b). The purpose of requiring the Court's approval is to provide an additional level of oversight is to ensure that the child's interests are protected. Toward this end, the motion for approval of a proposed settlement shall be filed pursuant to Local Rule 230, and must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

L.R. 202(b)(2).

> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount."

L.R. 202(c).

Federal Rule of Civil Procedure 17(c) similarly imposes on district courts a special duty to safeguard the interests of litigants who are minors. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). However, in *Robidoux*, the Ninth Circuit cautioned that this inquiry "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel" and "in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181–82 (holding that district court erred in denying settlement based solely on the proportion of the settlement going to plaintiffs' counsel).

**b.     Attorney's Fees & Costs**

In addition to approval of the settlement itself, any attorney's fees to be paid for representation of a minor, reasonable expenses, and court costs must be approved by the court. Cal. Prob. Code § 3601; *see also Rivett v. United States*, No. 2:21-CV-00717-DAD-AC, 2023 WL 4238909, at *2 (E.D. Cal. June 28, 2023). To determine whether a request for attorney's fee is reasonable, the Court may consider, among other factors: the time and labor required; whether the

minor's representative consented to the fee; the amount of money involved, and the results obtained; and whether the fee is fixed, hourly, or contingent. *See* California Rule of Court 7.955(b). When a fee is contingent, the court should also consider the risk of loss, the amount of costs advanced by the attorney, and the delay in reimbursement of costs and payment of fees to determine if the amount is reasonable. *See* California Rule of Court 7.955(b)(13). In FTCA matters, there is a statutory cap on contingency fees at 25% of the total award. 28 U.S.C. § 2678.

### III.    THE PROPOSED SETTLEMENT

**a.    Parties to the Settlement**

The parties to this settlement are as follows:

1. Plaintiff and Petitioner Jose Javier Valle Hernandez is the father of minor plaintiffs E.P.V.A. and E.S.V.A.
2. Plaintiff E.P.V.A. 15-year-old girl, born November 1, 2009, by and through her father and Guardian *ad litem*, Jose Javier Valle Hernandez.
3. E.S.V.A. 10-year-old girl, born June 3, 2014, by and through her father and Guardian *ad litem*, Jose Javier Valle Hernandez.
4. The Defendant United States of America.
5. Plaintiffs have been represented in this matter by attorneys Christopher B. Adamson and Nia Gamble.

**b.    Proposed Settlement Terms**

Petitioner and the Defendants have agreed to settle the claims of all three Plaintiffs, including Plaintiffs Jose Javier Valle Hernandez, and the Valle Children, for $35,000.00. From the balance, the settlement proceeds will be allocated as follows:

1. Out of the $35,000 settlement, Plaintiff and Petitioner Jose Javier Valle Hernandez would receive $22,050 as compensation for his personal injury claim.[1] Adamson Ahdoot LLP would waive all attorneys' fees and litigation costs. Petitioner, however, would be required to pay his final medical liens in this matter which before any reductions by medical providers currently total

---

[1] Petitioner has already received, separately, $6,437.91, from Kemper, for property damage reimbursement.

5

$84,835.02. There are no statutory liens requiring payment on this matter. Petitioner's outstanding liens are currently still pending final negotiations; however, after payment, Jose Javier Valle Hernandez is to receive no less than $10,000.

2. The Minor Plaintiff would each be allocated $6,475.00 as compensation for their personal injuries.

   a. E.S.V.A. would be responsible for $838.75 in attorneys' fees. E.S.V.A. would also be responsible for reimbursement of Plaintiff's litigation costs in the amount of $2,000. E.S.V.A.'s final MediCal lien, via the Department of Healthcare Services, is $209.98. E.S.V.A.'s total for the medical bills, before reductions, was $24,983.19. After reductions, the outstanding medical lien amount is $1,219.25, inclusive of the final MediCal lien. Therefore, after the payment of attorney's fees, litigation costs, and the final medical liens, E.S.V.A. would receive $2,417.00.[2]

   b. E.P.V.A. would not be responsible for attorney's fees. E.P.V.A. would only be responsible for reimbursement of Plaintiff's litigation costs in the amount of $2,000.00. E.P.V.A.'s final MediCal lien, via the Department of Healthcare Services, is $546.69. E.P.V.A.'s total for the medical bills, before reductions, was $31,746.26. After reductions, the outstanding medical lien amount is $3,118.42, inclusive of the final MediCal lien. Therefore, after the payment of litigation costs and the final medical liens, E.P.V.A. would receive $1,356.58.[3]

### IV.    ANALYSIS

The petition filed with the Court provides an overview of the terms of the settlement and

---

[2] This figure represents the settlement amount minus $838.75 in attorney's fees, $2,000.00 in litigation costs, and $1,219.25 in medical liens.
[3] This figure represents the settlement amount minus $2,000.00 in litigation costs and $3,118.42 in medical liens.

1  sets forth most of the information necessary to consider approval of the settlement pursuant to
2  both the Federal Rules of Civil Procedure and the Eastern District of California's Local Rules.  It
3  does not, however, address fully the specific issues that the Ninth Circuit directed federal district
4  courts to examine when determining whether to approve a settlement involving a minor's claims.

5  As noted above, the Court must consider the outcome of similar cases to determine whether
6  the sum to settle the minor's claims is reasonable.  *See Robidoux*, 638 F.3d at 1181; *Salmeron v.*
7  *United Stated*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("a court must independently investigate and
8  evaluate any compromise or settlement of minor's claims to assure itself that the minor's interests
9  are protected" even if the settlement is recommended by the minor's parent or guardian ad litem).
10 Here, the petition fails to identify similar actions to support approval of the minor's compromise.
11 (*See generally* Doc. 23-1).[4]

12 The Court must also approve reasonable expenses and costs.  *See* Cal. Prob. Code § 3601;
13 *Rivett*, 2023 WL 4238909, at *2.  While the motion does include an attached exhibit detailing the
14 accounting of costs as to each minor Plaintiff, (*see* Doc. 23-3), nothing in the motion or attached
15 exhibits provides an explanation of the only cost that would justify the costs under the
16 settlement—the Ronald Gabriel retainer.  Without an explanation of this cost, the Court cannot
17 approve expenses that total almost a third of the Minor Plaintiff's recovery.

18 As a result of these two deficiencies, the Court declines to approve the overall structure of
19 the minors' comprise as it currently stands.

20 //
21 //
22 //
23

---

[4] The Court observes that based on an independent review of similar actions in this district, recovery may not be appropriate considering the amounts received in other actions. *See, e.g.*, *D.B. v. City of Sacramento*, 2020 WL 8910843 (E.D. Cal. Apr. 16, 2020) (approving $60,000.00 settlement award to minor hit by police vehicle that jumped onto the curb, resulting in minimal physical injury including scrapes, bruises, and a sprained ankle); *Rivett v. United States of America*, 2023 WL 4238909 (E.D. Cal. June 28, 2023) (approving $64,000.00 settlement award to minor involved in motor vehicle accident with AmeriCorps vehicle); *Castro v. United States*, No. 117CV00673AWIBAM, 2018 WL 3046977, at *2 (E.D. Cal. June 19, 2018), *report and recommendation adopted*, No. 117CV00673AWIBAM, 2018 WL 3425023 (E.D. Cal. July 12, 2018) (approving an award of $12,000 to a minor involved in a motor vehicle accident with a forest service vehicle).

**IV. CONCLUSION**

For the reasons stated above, the Court DENIES the motion without prejudice.

IT IS SO ORDERED.

Dated:   **March 21, 2025**                    /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE