# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JAVIER VALLE HERNANDEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 1:23-cv-00835-SKO <br><br> **ORDER GRANTING PETITION FOR APPROVAL OF MINORS' COMPROMISE** <br><br> (Doc. 33) |

Presently before the Court is Plaintiff's renewed unopposed petition for approval of a settlement involving minors, E.S.V.A. and E.P.V.A. (or "Minor Plaintiffs"). (Doc. 33).

The Court has reviewed the parties' papers and all supporting material and finds the matter suitable for decision without oral argument pursuant to U.S. District Court for the Eastern District of California's Local Rule 230(g). The hearing set for October 8, 2025, will therefore be vacated.

After reviewing the renewed petition, the Court finds Plaintiff makes a sufficient showing of fairness and reasonableness and has addressed the deficiencies identified in prior orders. Therefore, the Court will grant the petition.

## I. BACKGROUND

Plaintiff, Jose Javier Valle Hernandez, as Guardian *ad litem* for Minor Plaintiffs, (*see* Doc. 25), instituted this action to recover damages for personal injuries and damages they sustained in a motor vehicle collision occurring on March 3, 2021, in Visalia, California. (Doc. 1, *see also* Doc. 33 at 2). Plaintiffs contend Defendant's employee Derek Chase Clower—a postal worker operating a United States Postal Service vehicle—struck a vehicle driven by Plaintiff Valle Hernandez, also occupied by his children, Minor Plaintiffs E.P.V.A. and E.S.V.A. (*See* Docs. 1 ¶¶ 10, 12, 13; 33 at 2).

1    The California Highway Patrol investigation of the accident determined Defendant's employee made an "unsafe U-turn" causing Petitioner's vehicle to collide with the passenger side of Defendant's vehicle. (Doc. 35 at 29). Defendants disputed liability and causation. (Doc. 33 at 2).

Plaintiff and Petitioner Valle Hernandez reportedly suffered an abrasion to his left arm and a contusion to his right lower extremity and was treated at the emergency department of Kaweah Delta Medical Center on the day of the incident. (Doc. 33 at 5). He was instructed to follow up with his primary care physician. (*Id.*). In the immediate months following the car collision, Petitioner underwent physical therapy, chiropractic care, and psychotherapy. (*Id.*). Petitioner attended ten sessions of physical therapy from March 11, 2021, to October 4, 2021, and also attended twelve sessions of chiropractic treatment from May 26, 2021, through September 7, 2021. (*Id.* at 5–6). Petitioner attended six sessions of psychotherapy treatment from March 19, 2021, to December 30, 2021. (*Id.* at 6).

Petitioner also had MRIs of his left shoulder and lumbar spine. (*Id.*). On November 15, 2021, Petitioner received bilateral lumbar medial branch block injections at L3-L4 and L4-L5. (*Id.*). On October 27, 2022, Petitioner received bilateral medial branch block injections at L4-L5 and L5-S1. (*Id.*). Petitioner was last treated on February 13, 2023 for injuries sustained in this collision.

Plaintiff E.P.V.A. was a passenger in Petitioner's vehicle at the time of the incident. (*Id.* at 6). She was also evaluated at the emergency department of Kaweah Delta Medical Center on the day of the incident. (*Id.*). During the examination, she reported complaints of pain in their mid-sternal chest and epigastric area. (*Id.*). Chadi I. Kahwaji, M.D. discharged E.P.V.A. with instructions to follow up as scheduled for further evaluation and treatment. (*Id.* at 6–7). In the immediate months following the car collision, E.P.V.A. underwent chiropractic care and psychotherapy. (*Id.* at 7). E.P.V.A. attended thirteen sessions of chiropractic treatment from March 29, 2021, to September 7, 2021. (*Id.*). E.P.V.A. attended eight sessions of psychotherapy treatment from March 17, 2021, to December 30, 2021. (*Id.*). E.P.V.A. also had MRIs of her cervical spine, thoracic spine, and lumbar spine. (*Id.*). E.P.V.A. visited Dr. Ronald S. Gabriel for

a pediatric neurological evaluation on January 13, 2023. Dr. Garbiel recommended proceeding with an EEG and a course of physical therapy for her neck and shoulder for three months. (*Id.*) The EEG was normal and Dr. Gabriel advised that no additional treatment was necessary. (*Id.*) As of February 12, 2025, E.P.V.A. had recovered entirely from her injuries. (*Id.*).

Plaintiff E.S.V.A. was also a passenger in Petitioner's vehicle at the time of the incident. (*Id.*). She was also evaluated at the emergency department of Kaweah Delta Medical Center on the day of the incident. (*Id.*). During that examination, she reported pain in her right index finger and demonstrated an abrasion on her lateral left arm. (*Id.*). The X-rays of her left elbow revealed elevation of the anterior as well as the posterior olecranon fat pad suggesting joint effusion. (*Id.*). The X-rays of the right hand revealed scattered nonspecific soft tissue thickening. (*Id.*). Chadi I. Kahwaji, M.D. discharged her with instructions to follow up as scheduled for further evaluation and treatment. (*Id.*). In the immediate months following the car collision, E.S.V.A. underwent psychotherapy. (*Id.*). E.S.V.A. attended ten sessions of psychotherapy treatment from March 17, 2021, to February 2, 2022. (*Id.* at 7–8). E.S.V.A. also obtained x-rays of her bilateral hands and left elbow. (*Id.* at 7). E.S.V.A. visited Dr. Ronald S. Gabriel for a pediatric neurological evaluation on January 13, 2023. (*Id.* at 9–10). Dr. Gabriel recommended E.S.V.A. undergo an EEG, which came back as normal. Based on that finding, Dr. Gabriel advised that no additional treatment was necessary. (*Id.*) As of February 12, 2025, E.S.V.A. had recovered entirely from her injuries. (*Id.* at 10).

Dr. Gabriel then drafted a neurological report based on his exam of each minor plaintiff. (Doc. 35 at 38–51).

On May 31, 2023, Petitioner filed a complaint seeking personal injury and damages on behalf of himself and his minor children, the Minor Plaintiffs. (Doc. 1). Plaintiffs' complaint was brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. sections 1346(b), 2671 et seq. against the United States of America. (*See id.*).

Plaintiffs have now reached an agreement to settle with Defendant and seek this Court's approval of the proposed settlement of the minors' claims. (Doc. 33-1 ¶ 4).

## II.    APPLICABLE LAW & SETTLEMENT APPROVAL STANDARDS

### a.    Settlement Approval Standards

The Local Rules for this district provide that "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." L.R. 202(b). The purpose of requiring the Court's approval is to provide an additional level of oversight is to ensure that the child's interests are protected. Toward this end, the motion for approval of a proposed settlement shall be filed pursuant to Local Rule 230, and must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

L.R. 202(b)(2).

> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount."

L.R. 202(c).

Federal Rule of Civil Procedure 17(c) similarly imposes on district courts a special duty to safeguard the interests of litigants who are minors. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). However, in *Robidoux*, the Ninth Circuit cautioned that this inquiry "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel" and "in light of the facts of the case, the minor's specific

4

1  claim, and recovery in similar cases." *Id.* at 1181–82 (holding that district court erred in denying
2  settlement based solely on the proportion of the settlement going to plaintiffs' counsel). In making
3  this determination, "courts typically consider such information as the relative worth of the
4  settlement amount, the circumstances of the settlement, counsel's explanation of their views and
5  experiences in litigating these types of actions, and other similar compromises that have been
6  approved by courts." *Rivett v. United States*, No. 2:21-cv-00717-DAD-AC, 2023 WL 4238909,
7  at *2 (E.D. Cal. June 28, 2023).

   **b.     Attorney's Fees & Costs**

9       In addition to approval of the settlement itself, any attorney's fees to be paid for
10 representation of a minor, reasonable expenses, and court costs must be approved by the court.
11 Cal. Prob. Code § 3601; *see also Rivett v. United States*, No. 2:21-CV-00717-DAD-AC, 2023 WL
12 4238909, at *2 (E.D. Cal. June 28, 2023). To determine whether a request for attorney's fee is
13 reasonable, the Court may consider, among other factors, the time and labor required; whether the
14 minor's representative consented to the fee; the amount of money involved, and the results
15 obtained; and whether the fee is fixed, hourly, or contingent. *See* California Rule of Court
16 7.955(b). When a fee is contingent, the court should also consider the risk of loss, the amount of
17 costs advanced by the attorney, and the delay in reimbursement of costs and payment of fees to
18 determine if the amount is reasonable. *See* California Rule of Court 7.955(b)(13). In FTCA
19 matters, there is a statutory cap on contingency fees at 25% of the total award. 28 U.S.C. § 2678.

                        **III.     THE PROPOSED SETTLEMENT**

   **a.     Parties to the Settlement**

         The parties to this settlement are as follows:

         1.   Plaintiff and Petitioner Jose Javier Valle Hernandez is the father of minor
              plaintiffs E.P.V.A. and E.S.V.A.
         2.   Plaintiff E.P.V.A. is a 15-year-old girl, born November 1, 2009, and is appearing
              by and through her father and Guardian *ad litem*, Jose Javier Valle Hernandez.
         3.   E.S.V.A. is a 10-year-old girl, born June 3, 2014, and is appearing by and through
              her father and Guardian *ad litem*, Jose Javier Valle Hernandez.

    4.  The Defendant United States of America.

    5.  Plaintiffs have been represented in this matter by Adamson Ahdoot, LLP.

**b.**  **Proposed Settlement Terms**

Petitioner and the Defendants have agreed to settle the claims of all three Plaintiffs, including Plaintiffs Jose Javier Valle Hernandez, and the Valle Children, for $35,000. (Doc. 33-1 ¶ 4). From the balance, the settlement proceeds will be allocated as follows:

  1.  Out of the $35,000 settlement, Plaintiff and Petitioner Jose Javier Valle Hernandez would receive $22,050 as compensation for his personal injury claim.[1] Adamson Ahdoot LLP would waive all attorneys' fees, but Plaintiff Valle Hernandez would be responsible for $2,350.16 in costs. Petitioner, however, would be required to pay his final medical liens in this matter which before any reductions by medical providers currently total $84,835.02. There are no statutory liens requiring payment on this matter. Petitioner's outstanding liens are currently still pending final negotiations; however, after payment, Jose Javier Valle Hernandez is to receive no less than $10,000.

  2.  The Minor Plaintiffs would each be allocated $6,475 as compensation for their personal injuries.

    a.  E.S.V.A. would be responsible for $838.75 in attorney's fees. E.S.V.A. would also be responsible for reimbursement of Plaintiff's litigation costs in the amount of $2,000 for the retention of and examination by Dr. Gabriel. E.S.V.A.'s final MediCal lien, via the Department of Healthcare Services, is $209.98. E.S.V.A.'s total for the medical bills, before reductions, was $24,983.19. After reductions, the outstanding medical lien amount is $1,219.25, inclusive of the final MediCal lien. Therefore, after the payment of attorney's fees, litigation costs, and the final medical liens, E.S.V.A.

---

[1] Petitioner has already received, separately, $6,437.91, from Kemper, for property damage reimbursement.

6

would receive $2,417.00.[2]

    b. E.P.V.A. would not be responsible for attorney's fees. E.P.V.A. would only be responsible for reimbursement of Plaintiff's litigation costs in the amount of $2,000 for the retention of and examination by Dr. Gabriel. E.P.V.A.'s final MediCal lien, via the Department of Healthcare Services, is $546.69. E.P.V.A.'s total for the medical bills, before reductions, was $31,746.26. After reductions, the outstanding medical lien amount is $3,118.42, inclusive of the final MediCal lien. Therefore, after the payment of litigation costs and the final medical liens, E.P.V.A. would receive $1,356.58. [3]

## IV. ANALYSIS

The petition filed with the Court provides an overview of the terms of the settlement and sets forth most of the information necessary to consider approval of the settlement pursuant to both the Federal Rules of Civil Procedure and the Eastern District of California's Local Rules.

The present petition includes the information required by this Court's Local Rule 202(b)(2) and (c) to address the details of the proposed compromise. Specifically, the Court observes that Plaintiffs are represented by Adamson Ahdoot LLP and that that firm has, to date, not received any attorney fees or other compensation for services provided in this matter. (*See* Doc. 33 at 10–11). The firm expects to receive attorney fees totaling $838.75 from E.S.V.A.'s portion of the settlement. (*Id.* at 8). The Court finds the request for attorney fees totaling approximately 13% of E.S.V.A.'s portion of the settlement to be reasonable based counsel's representations as to the roughly sixty hours spent prosecuting the case, (Docs. 33 at 10); the fact that the Petition Valle Hernandez, as Minor Plaintiff's Guardian *ad litem*, consented to the fee, (Doc. 33-1 ¶ 2); and the settlement amount as to E.S.V.A. ($6,475), (*id.* ¶ 8). *See* California Rule of Court 7.955(b).

Additionally, the Court must consider the circumstances of the present case alongside recoveries in similar cases in determining whether the sum to settle the minor's claims in the

---

[2] This figure represents the settlement amount minus $838.75 in attorney's fees, $2,000.00 in litigation costs, and $1,219.25 in medical liens.
[3] This figure represents the settlement amount minus $2,000.00 in litigation costs and $3,118.42 in medical liens.

7

present case is reasonable. *See Robidoux*, 638 F.3d at 1181–82 (concluding that "district courts [should] limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases"); *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("a court must independently investigate and evaluate any compromise or settlement of minor's claims to assure itself that the minor's interests are protected" even if the settlement is recommended by the minor's parent or guardian *ad litem*).

The amended petition cites several cases that Petitioner contends demonstrate the sum to settle the minor's claims in the present case is similar to recoveries in analogous cases. The Court agrees that the circumstances of the present case are sufficiently similar to those in *Collins v. United States*, No. 2:20-CV-2458 JAM-DMC, 2022 WL 3969552 (E.D. Cal. Aug. 31, 2022), and *De La Cruz v. United States Postal Service*, No. 1:08cv0018 OWW DLB, 2010 WL 319670 (E.D. Cal. Jan. 20, 2010) *report and recommendation adopted,* No. 1:08cv0018 OWW DLB, 2010 WL 624432 (E.D. Cal. Feb. 17, 2010), that those cases support a finding that the settlement in the present case is reasonable.

Starting with *Collins*, the Court observes various similarities including that both cases involved a personal injury claim stemming from a collision between a government owned and operated vehicle and a civilian vehicle with minor passengers. *See Collins*, 2022 WL 3969552, at *1; (Doc 33 at 2). Additionally, both *Collins* and the present case involve disputes as to liability. *See Collins*, 2022 WL 3969552, at *1; (Doc. 35 at 25, 29 (a traffic collision report indicating that Plaintiff Valle Hernandez "stated that he was traveling approximately 30 MPH" in a 25-mph zone and that a witness said Plaintiff Valle Hernandez's car "traveling [eastbound] at a speed she thought was faster than normal")). And both cases involve injuries to the minor plaintiffs that necessitated some follow up, but from which all minor plaintiffs fully recovered. *See Collins*, 2022 WL 3969552, at *2–3; (Doc. 33 at 7–8). As to comparisons of recovery, as Petitioner points out, recovery for the Minor Plaintiffs in the present case would be larger than for the minors in *Collins*. *Compare Collins*, 2022 WL 3969552, at *4 (describing an allotment of $1,500 to each of three minor plaintiffs, which was reduced by $350 each in attorney's fees and between about

$80 and $95 in medical liens); *with* (Doc. 33 (describing settlement terms involving an allotment of $6,475 to each minor plaintiff to be reduced by $838.75 in attorney's fees as to E.S.V.A., $2000 as to each minor plaintiff in costs, just over $3000 in medical liens as to E.P.V.A., and $1,219.25 in medical liens as to E.S.V.A.)).

Turning to the facts of *De la Cruz*, like *Collins*, *De la Cruz* also involved several minor plaintiffs who were injured by a collision between the car they occupied and a USPS vehicle that allegedly "turned directly in front of Plaintiffs' [vehicle]." *De la Cruz*, 2010 WL 319670, at *1. *De la Cruz* likewise involved a dispute over causation given allegations that Plaintiffs' car was speeding at the time of the incident. *Compare id.* at *3 (indicating that "it was admitted that Plaintiff Christina De La Cruz was speeding by at least 25 miles per hour over the speed limit and there was questionable causation on the driver for Defendant"), *with* (Doc. 35 at 25, 29).

Unlike *Collins*, however, the Court observes several differences between the facts in the present case and those underlying the holding in *De la Cruz*. For example, the injuries in *De la Cruz* seem to have been somewhat more severe than those at issue in the present case. In *De la Cruz*, one minor plaintiff suffered "loss of consciousness, [a] laceration to the mouth [requiring stitches] and contusions to the abdomen, chest and chin," while the other minor plaintiff suffered "contusions to the head and chest and swelling of the forehead and nose." *De la Cruz*, 2010 WL 624432 at 1. Additionally, unlike *De la Cruz*, the settlement in the present case reduces Minor Plaintiff's net recovery in large part to settle outstanding medical liens, which were not explicitly addressed or accounted for in *De la Cruz*.

In considering whether the settlement in *De la Cruz* is supportive of a finding that the present settlement is consistent with the average recovery of similar cases, the Court acknowledges such analogous cases need not be carbon copies of each other. And indeed, while the minor plaintiffs in *De la Cruz* seemed to receive a larger net recovery of $3,500 (approximately $5,606.75 today[4])—whereas the Minor Plaintiffs in the present case would receive $1,356.58 and $2,417.00, respectively—the Court finds the difference in recovery could plausibly be attributed to the

---

[4] *See CPI Inflation Calculator*, U.S. Bureau of Labor Statistics (calculating that $3,750 in January 2010—when the *De la Cruz* motion was heard—equates to the "same buying power as $5,606.75" in August 2025—when the petition in the present case was filed).

9

1  differences in the cases.  Therefore, the Court finds that *Collins* and *De la Cruz* support a finding
2  that minor plaintiff's recovery in the present case "is fair and reasonable in light of their claims
3  and average recovery in similar cases."  *Robidoux*, 638 F.3d at 1182.

4      Next the Court turns to the issue of reasonable expenses and costs.  *See* Cal. Prob. Code
5  § 3601; *Rivett*, 2023 WL 4238909, at *2.  Plaintiffs' counsel has provided an exhibit detailing the
6  accounting of costs as to each minor Plaintiff.  (*See* Doc. 35 at 21–23).  In light of the
7  representations therein, the Court finds that the incurrence of costs related to the Dr. Gabriel
8  retainer—that counsel has represented were incurred "to determine the existence of any long-term
9  neurological damage and injuries to the minors resulting from this incident"—were reasonable
10 under the circumstances.  (Doc. 33 at 10).

11     The Court, having reviewed the record, finds this matter suitable for decision without oral
12 argument.  *See* E.D. Cal. Local Rule 230(g).  Accordingly, the hearing set for October 8, 2025,
13 will be vacated.  For the reasons set forth below, the Court will vacate the hearing scheduled for
14 grant the amended petition.

## IV. CONCLUSION

16     For the reasons stated above, the Court VACATES the hearing scheduled for October 8, 2025
17 and GRANTS the amended petition.  (Doc. 33).  It is ORDERED that the $35,000 settlement be
18 divided and dispersed as follows:

19     1.   Plaintiff and Petitioner Jose Javier Valle Hernandez will be allocated $22,050 as
20         compensation for his personal injury claim.  Petitioner will *not* be responsible for
21         attorney's fees.  Petitioner will be responsible for $2,350.16 in attorney's costs.
22         After final payment of his medical liens and costs, Jose Javier Valle Hernandez
23         will receive $10,000.

24     2.   The Valle Children will be allocated $6,475 each as compensation for their
25         personal injuries.

26         a.   E.S.V.A. is responsible for $838.75 in attorney's fees.  E.S.V.A. is also
27             responsible for reimbursement of Plaintiff's attorney's costs in the
28             amount of $2,000.

        b. E.P.V.A. is *not* responsible for attorney's fees. E.P.V.A. is responsible for reimbursement of Plaintiff's attorney's costs in the amount of $2,000.

        c. Each Minor Plaintiff is responsible for payment of their final medical liens.

3. The residual amounts of $1,356.58 for E.P.V.A. and $2,417.00 for E.S.V.A. shall be paid to Jose Javier Valle Hernandez to be held for and used for the sole benefit of E.P.V.A. and E.S.V.A.

4. Plaintiffs' attorney of record, Adamson Ahdoot LLP, will receive a total of $838.75 in attorney's fees and $6,350.16 for reimbursement of costs expended to date in prosecuting this litigation.

IT IS SO ORDERED.

Dated: **September 18, 2025**    /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE